THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

CASE NO 3:21-CV-00830-K-BT

Joe Hunsinger,

    Plaintiff Pro-Se'

v.

AFFORDABLE AUTO PROTECTION, LLC,

    Defendant,

SING FOR SERVICES, LLC dba MEPCO

    Defendant.

_____/

## DEFENDANT, AFFORDABLE AUTO PROTECTION, LLC'S, MOTION TO DISMISS PLAINTIFF, JOE HUNSINGER'S, COMPLAINT OR, ALTERNATIVELY, DEFENDANT, AFFORDABLE AUTO PROTECTION, LLC'S, MOTION FOR A MORE DEFINITE STATEMENT

**EXHIBIT "A"**

## TABLE OF CONTENTS

I.    INTRODUCTION.................................................................................... 1

II.   STATEMENT OF FACTS........................................................................ 2

III.  *PRO SE* LITIGANTS............................................................................... 4

IV.   MOTION TO DISMISS PURSUANT TO
      FEDERAL RULE OF CIVIL PROCEDURE 12(B)(5)........................................6

V.    MOTION TO DISMISS PURSUANT TO
      FEDERAL RULE OF CIVIL PROCEDURE 12(B)(2)........................................6

VI.   MOTION TO DISMISS PURSUANT TO
      FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)...................................... 11

VII.  MOTION FOR A MORE DEFINITE STATEMENT PURSUANT
      TO FEDERAL RULE OF CIVIL PROCEDURE 12(E)...................................13

VIII. CONCLUSION.......................................................................................14

# TABLE OF AUTHORITIES

<u>Cases</u>

*Alexander v. Greenwood Hall, Inc.*, CIVIL ACTION NO. 4:18-CV-04540, 2019
U.S. Dist. LEXIS 113956, at *32 (S.D. Tex. July 8, 2019)..................................9

*Alpine View Co. Warranty Services, INC. v. Atlas Copso AB,*
205 F.3d 208,215 (5th Cir. 2000).......................................................................7, 8

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009) ............................................. 11

*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,*
459 U.S. 519 (1983)............................................................................................11

*Bailey v. AT&T Corp./Headquarters,*
No. 3:16-CV-1464-B, 2017 WL 1178310, at *1 (N.D. Tex. Mar. 29, 2017)..............4

*Barr v. American Association of Political Consultants, Inc.,*
140 S. Ct. 2335, 2346 (2020)..............................................................................12

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,555 (2007)...................................11, 12

*Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)...............................................4

*Burger King Corp. v. Rudzewicz,*
471 U.S. 462, 472-74 (1985).............................................................................6, 8

*Carimi v. Royal Carribean Cruise Line, Inc.*
959 F.2d 1344, 1346 (5th Cir. 1992).....................................................................4

*Casso's Wellness Store & Gym, L.L.C. v. Spectrum Lab. Prod., Inc.,*
No. CV 17-2161, 2018 WL 1377608, at *4 (E.D. La. Mar. 19, 2018).....................6

*Central Freight Lines Inc.,*322 F.3d at 381.......................................................8

*Clemens v. McNamee,*
615 F.3d 374,378 (5th Cir. 2010), cert. denied, 131 S. Ct. 3091 (2011)...................7

*Cockerham v. Rose,*
No. 3:11-CV-277-B, 2011 WL 1515159, at *1 (N.D. Tex. Apr. 18, 2011).................4

*Crawford-el v. Britton*, 523 U.S. 574, 597–98 (1998)......................................14

*Creasy v. Charter Communs., Inc.,* No. 20-1199 SECTION "F",
2020 U.S. Dist. LEXIS 177798 (E.D. La. Sept. 28, 2020) ................................12

*Cunningham v. CBC Conglomerate LLC,*
359 F. Supp. 3d 471 (E.D. Tex. 2019) ...................................................................5

*Davis v. Leavitt,*
No. 4:12-CV-739-A, 2013 WL 1155375, at *1 (N.D. Tex. Mar. 19, 2013)....................6

*Dejoria v. Maghreb Petroleum Expl., S.A.,* 804 F.3d 373,388 (5th Cir. 2015))..............10

*Gartin v. Par Pharm. Cos., Inc.,* 289 Fed. Appx. 688,691 n.3 (5th Cir. 2008)...............5

*Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915,918 (2011)...............8

*Hanson v. Denckla,* 357 U.S. 235, 253 (1958).....................................................7

*Hargrove v. Underwriters at Lloyd's,* 937 F. Supp. 595,606 (S.D. Tex. 1996)..............10

*Havel v. Honda Motor Europe Warranty Services, Inc.,*
No. H-1291, 2014 WL 4967229, at *15 (S.D. Tex. Sept. 30, 2014)............................9

*Helicopteros Nacionales de Columbia, S.A. v. Hall,*
466 U.S. 408,414 (1984).............................................................................7, 8

*Holt Oil & Gas Corp. v. Harvey,* 801 F.2d 773, 779 (5th Cir. 1986)..........................8

*Johnson v. Atkins,* 999 F.2d 99, 100 (5th Cir.1993)..............................................4

*Johnston v. Multidata Systems Int'l. Corp.,* 523 F.3d 602, 610-11 (5th Cir. 2008)..........8

*Jones v. Greninger,* 188 F.3d 322,327 (5th Cir. 1999)...........................................6

*Lahman v. Nationwide Provider Sols.,* No. 4:17-CV-00305,
2018 U.S. Dist. LEXIS 101757, at *4 (E.D. Tex. June 19, 2018) ..............................5

*Latshaw v. Johnston,* 167 F.3d 208,211 (5th Cir. 1999).........................................7

*Lindenbaum v. Realgy,* Case No. 1:19-cv-2862 (N.D. Oh. 2020)..............................12

*Matheson Tri-Gas, Inc. v. FlexTM, Inc.,*
No. 4:18-CV-0248, 2018 U.S. Dist. LEXIS 87195, at *8 (S.D. Tex. May 24, 2018).......10

*McFadin v. Gerber,* 587 F.3d 753, 759 (5th Cir. 2009)........................................8, 9

*Morrell v. Experian Info. Sols., Inc.,*
no. 3:19-cv-2982-k-bh, 2021 WL 197428, at *1 (N.D. Tex. Jan. 20, 2021)..................13

*Omni Capital Int'l v. Rudolf Wolff & Co.,* 484 U.S. 97, 104-05 (1987)......................6

*Panda Brandywine Corp.*, 253 F.3d at 865, 867..................................................6,7

*Reece v. Countrywide Home Loans*, 250 Fed. Appx. 91, 92 (5th Cir. 2007)...............4

*Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266,271 (5th Cir. 2006).................9

*Shabana Hussain v. Sullivan Buick-Cadillac-GMC Truck, Inc., et al.*,
5:20-cv-00038 (Md. Fla. December 11, 2020)..................................................12

*Travelers Indem. Co. of Conn. v. Presbyterian Healthcare Res.*,
313 F. Supp. 2d 648, 653–54 (N.D. Tex. 2004)..................................................14

*Walker v. Beaumont Indep. Sch. Dist.*
2016 U.S. Dist. LEXIS 41408, at *51 (E.D. Tex. Mar. 11, 2016)...........................5

*WNS, Inc. v. Farrow*, 884 F.2d 200,203 (5th Cir. 1989)........................................8

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286,297 (1980).....................7, 10

*Zoch v. Daimler*,
2017 U.S. Dist. LEXIS 169240 (E.D. Tex. May 16, 2017)....................................9, 10

Defendant, Affordable Auto Protection, LLC ("Affordable"), by and through undersigned counsel, hereby files this Motion to Dismiss Plaintiff, Joe Hunsinger's ("Plaintiff"), Complaint ("Complaint") pursuant to Federal Rule of Civil Procedure 12(b) subsections (2), (5) and (6) or, alternatively, files this Motion for a More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e), and states as follows:

## I.   INTRODUCTION.

While far from the picture of clarity, as best can be discerned from the Complaint, Plaintiff, by and through jumbled, disjointed and conclusory allegations and unsupported facts, alleges that Affordable somehow violated the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") when Plaintiff allegedly received an unspecified number of unlawful phone call(s) to his cellular telephone. It is unclear from the pleadings what phone number Plaintiff is alleging was contacted because the Complaint incoherently references and claims two different telephone numbers. *See* Complaint ¶¶ 6.1, 6.27, 6.28 and 14.02 [D.E. 1]. Moreover, Plaintiff fails to allege when he received the alleged call(s); how many alleged call(s) he received, *see* Complaint generally [D.E. 1]; and he implies, without any clarity that he also received unlawful text message(s). *See* Complaint ¶¶ 3.24, 3.25, 3.28 and 5.6 [D.E. 1]. Plaintiff alleges that the unspecified phone call(s), and possibly text message(s), were made using an automatic telephone dialing system ("ATDS") for non-emergency purposes to his unidentified cellular telephone(s). At all times relevant, Plaintiff claims his cellular telephone number was on the National Do Not Call Registry.

In accordance with Federal Rule of Civil Procedure 12(b) subsections (2) and (5), Affordable hereby moves for the dismissal of this case against it because it is not a proper party to the suit, and it is not subject to the personal jurisdiction of the Court. Moreover, in accordance with Federal Rule of Civil Procedure 12(b)(6), Plaintiff's incoherent, conclusory and factually

1

unsupported allegations are legally insufficient to form the basis of the claims asserted against Affordable under the TCPA. Accordingly, the Complaint must be dismissed with prejudice as it pertains to Affordable because Affordable is an improper party to which this Court lacks personal jurisdiction and for failure to state a claim for which relief may be granted.

## II. STATEMENT OF FACTS.

1. On April 12, 2021, Plaintiff filed this Complaint for alleged damages claiming that Affordable and Sing for Service LLC, d/b/a MEPCO (collectively "Defendants") violated the TCPA by allegedly making an unidentified quantity of call(s) to his unidentified cellular telephone, using what Plaintiff says (without any justification) was an ATDS. *See* Complaint generally [D.E. 1].

2. Due to an inadvertent error Affordable failed to timely file a response to the Complaint.

3. Plaintiff put in the return of service for each of the Defendants and moved for an Entry of Clerk's Default on June 1, 2021. [D.E. 8, 9 and 11].

4. On June 2, 2021, the Clerk of Court entered a Clerk's Default against each of the Defendants. [D.E. 12 and 14].

5. Upon receiving a copy of the Clerk's Default (not from Plaintiff, but rather from another attorney) undersigned counsel immediately filed Affordable's Motion to Set Aside Clerk's Default on June 15, 2021 and provided an explanation for the inadvertent error. [D.E. 16].

6. Affordable's Motion to Set Aside Clerk's Default was still pending before the Court at the time this Motion to Dismiss was filed. [D.E. 16].

7. Affordable is a Florida limited liability company with its principal place of business in West Palm Beach, Florida.

8. At all times relevant, Gustav Renny served as the Manager of Affordable. A complete and accurate copy of Mr. Renny's Sworn Declaration is attached hereto as Exhibit "1".

9. Affordable does not own or lease any real estate in the State of Texas and has no office locations nor presence in the State of Texas. *See* Exhibit "1".

10. Affordable has never conducted business operations of any kind in the State of Texas. *See* Exhibit "1".

11. Affordable has never incurred or remitted taxes in the State of Texas. *See* Exhibit "1".

12. Affordable Auto Protection, LLC is not AAP and does not do business as AAP. *See* Exhibit "1".

13. AAP is a registered d/b/a name of a different corporate entity that is independent of Affordable. *See* Exhibit "1".

14. Affordable does not do any telemarketing and does not sell automobile warranties via telephone or telemarketing. *See* Exhibit "1".

15. Affordable did not call Plaintiff and did not sell Plaintiff a MEPCO Vehicle Service Policy. *See* Exhibit "1".

16. Affordable did not make any pre-recorded calls to Plaintiff. *See* Exhibit "1".

17. Affordable is improperly named as a defendant in this action. *See* Exhibit "1".

18. Despite being advised by undersigned counsel of this this error, Plaintiff has failed to correct his error of naming the wrong defendant and would not agree to set aside the Clerk's Default against Affordable.[1]

---

[1] Undersigned counsel reached out to Plaintiff in good faith and informed him of this error via electronic mail prior to filing Affordable's Motion to Set Aside Clerk's Default and Plaintiff would not agree to set aside the Clerk's Default or amend the Complaint to name the correct party.

19. Regardless of the merits of Plaintiff's claims that the alleged call(s) were unlawful, Affordable was not involved with the alleged call(s) at issue. *See* Exhibit "1".

20. The Complaint is completely devoid of factual support for the claims therein and as such should be dismissed with prejudice against Affordable.

### III. *PRO SE* LITIGANTS[2].

*Pro se* litigants are expected to comply with the rules of pleading and the rules of service. *See Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). Parties who proceed *pro se*, however, are often given more leeway than represented parties in correcting errors in pleadings and defects in service of process. *See Reece v. Countrywide Home Loans*, 250 Fed. Appx. 91, 92 (5th Cir. 2007). Nevertheless, a *pro se* plaintiff's complaint "must set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir.1993).

### IV. MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(5).

<u>Affordable is an improper party to this lawsuit.</u> "Under Federal Rule of Civil Procedure 4(c)(1), the plaintiff is responsible for serving the defendant with a complaint and summons. If a plaintiff performs an insufficient service of process, the defendant may seek to dismiss the plaintiff's complaint under Rule 12(b)(5)." *Bailey v. AT&T Corp./Headquarters*, No. 3:16-CV-1464-B, 2017 WL 1178310, at *1 (N.D. Tex. Mar. 29, 2017) (citing *Cockerham v. Rose*, No. 3:11-CV-277-B, 2011 WL 1515159, at *1 (N.D. Tex. Apr. 18, 2011)).

When a defendant questions the validity of service of process, "the plaintiff bears the burden of establishing its validity." *Id.* (citing *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)). Under Federal Rule of Civil Procedure 4(a)(1)(A), in cases

---

[2] Although Plaintiff is proceeding *pro se*, he is no stranger to litigation. He has been (or still is) a Plaintiff in at least twenty-seven (27) cases in this district and has filed fifteen (15) TCPA cases since April 2021.

4

where the alleged defect in the service of process is that the plaintiff named an incorrect party, a defendant can challenge service under Rule 12(b)(5) on the grounds that the wrong party has been served. *Gartin v. Par Pharm. Cos., Inc.*, 289 Fed. Appx. 688, 691 n.3 (5th Cir. 2008).

Plaintiff attached the MEPCO Welcome Letter that accompanied the MEPCO Vehicle Service Contract that he purchased to the Complaint. It specifically states, "[c]ongratulations on your purchase of a vehicle service contract from AAP." *See* Complaint Attached Exhibit on Page 23 [D.E. 1]. Plaintiff also attached the MEPCO Confirmation of Preauthorized ACH/CC that accompanied the MEPCO Vehicle Service Contract that he purchased to the Complaint. It specifically listed **AAP** under the Account and Contract Information section. *See* Complaint Attached Exhibit on Page 22 [D.E. 1]. Contrary to Plaintiff's assertions, **AAP is not a registered d/b/a of Affordable**. Simple and proper due diligence on the part of Plaintiff, through the State of Florida's official business registry (www.sunbiz.org), would have allowed Plaintiff to identify the parties he wanted to sue and would have informed him that Affordable is not registered to do business as AAP, nor has Affordable ever transacted business as AAP. This is further evidenced by Mr. Renny's Sworn Declaration. *See* Exhibit "1". "A plaintiff's allegations are 'taken as true except to the extent that they are contradicted by defendant's affidavits.'" *Cunningham v. CBC Conglomerate LLC*, 359 F. Supp. 3d 471, 476 (E.D. Tex. 2019) (quoting *Lahman v. Nationwide Provider Sols.*, No. 4:17-CV-00305, 2018 U.S. Dist. LEXIS 101757, at *4 (E.D. Tex. June 19, 2018)). Moreover, allowing Plaintiff to try to cure this fatal deficiency via an amendment to allege that Affordable is liable would be futile because Affordable is improperly named as a defendant in this action. Therefore, any request to further amend the pleadings should be denied. *See Walker v. Beaumont Indep. Sch. Dist.*, 2016 U.S. Dist. LEXIS 41408, at *51 (E.D. Tex. Mar. 11, 2016) (finding when "a claim is frivolous or the 'complaint alleges the plaintiff's best case,' a further

factual statement from the plaintiff need not be allowed.") (quoting *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999)).

Accordingly, there is no basis for liability against Affordable and it should be dismissed as an improper party pursuant to Federal Rule of Civil Procedure 12(b)(5).

In an abundance of caution, if the Court does inclined to dismiss the instant matter based on the aforementioned argument, then the Court should dismiss the case on the following additional grounds as set forth herein:

## V. MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(2).

The Court lacks personal jurisdiction over Affordable in the instant matter. Before the Court can even consider the allegations made in the Complaint, the Court must first have the power to hear the case and possess jurisdiction over the parties. Pursuant to Federal Rule of Civil Procedure 12(b)(2), the exercise of personal jurisdiction over a non-resident defendant is proper when: (1) the non-resident is subject to jurisdiction under the laws of the state in which the court sits; and (2) the exercise of jurisdiction over the defendant comports with the due process requirements of the United States Constitution. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-74 (1985); *Panda Brandywine Corp.*, 253 F.3d at 865, 867.

When, as here, "an action invoking the court's federal-question jurisdiction is based on a statute that does not provide for nationwide service of process, the court looks to the law of the forum state governing personal jurisdiction to determine if the defendant is amenable to process in the forum state." *Davis v. Leavitt*, No. 4:12-CV-739-A, 2013 WL 1155375, at *1 (N.D. Tex. Mar. 19, 2013) (citing *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104-05 (1987)); *see* Federal Rule of Civil Procedure 4(k)(1); *see also Casso's Wellness Store & Gym, L.L.C. v.*

*Spectrum Lab. Prod., Inc.*, No. CV 17-2161, 2018 WL 1377608, at *4 (E.D. La. Mar. 19, 2018) (noting that the TDCA does not provide for nationwide service of process).

Since the Texas long-arm statute authorizes the exercise of personal jurisdiction to the extent allowed by the due process clause of the Fourteenth Amendment, only the federal due process inquiry need be addressed. *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999); Tex. Civ. Prac. & Rem. Code § 17.041 *et seq.* "Exercising personal jurisdiction over a nonresident defendant is compatible with due process when (1) that defendant has purposefully availed [itself] of the benefits and protections of the forum state by establishing minimum contacts with the forum state, and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." *Panda Brandywine Corp.*, 253 F.3d at 867.

The "minimum contacts" prong of the analysis is satisfied when a defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253 (1958). The nonresident defendant's availment must be such that the defendant "should reasonably anticipate being haled into court" in the forum state. *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). There are two types of minimum contacts: those giving rise to general jurisdiction and those giving rise to specific jurisdiction. *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010), cert. denied, 131 S. Ct. 3091 (2011).

General jurisdiction exists where the nonresident's contacts with the forum state are unrelated to the cause of action but are "continuous and systematic." *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984); *Alpine View Co. Warranty Services, INC. v. Atlas Copso AB*, 205 F.3d 208, 215 (5th Cir. 2000). Specific jurisdiction is appropriate where the nonresident has purposefully directed its activities at the forum state and the "litigation results

from alleged injuries that arise out of or relate to those activities." *Alpine View Co. Warranty Services, INC.*, 205 F.3d at 215 (quoting *Burger King Corp.*, 471 U.S. at 472) (quotations omitted). It is a claim-specific inquiry and requires less pervasive contacts with the forum state than general jurisdiction. *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009). Plaintiff has the burden of establishing minimum contacts. *WNS, Inc. v. Farrow,* 884 F.2d 200, 203 (5th Cir. 1989).

***General Jurisdiction.*** As noted above, a court may assert general jurisdiction over a nonresident defendant when its contacts are substantial, continuous, and systematic. *Central Freight Lines Inc.*, 322 F.3d at 381 (citing *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 414). As reaffirmed by the Supreme Court of the United States ("SCOTUS"), these contacts must be "so 'continuous and systematic' as to render [the defendant] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918 (2011). The Fifth Circuit has "consistently imposed the high standard set by SCOTUS when ruling on general jurisdiction issues." *Johnston v. Multidata Systems Int'l. Corp.*, 523 F.3d 602, 610-11 (5th Cir. 2008). Moreover, when a nonresident defendant timely challenges the existence of personal jurisdiction, the plaintiff bears the burden of proving that the Court, in fact, does have personal jurisdiction over the nonresident defendant. *Id.; see also Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 779 (5th Cir. 1986).

In the instant matter, the Court lacks general jurisdiction over Affordable. Specifically, Affordable is incorporated in Florida with its principal place of business in Florida. *See* Exhibit "1". Moreover, Affordable has never conducted business in Texas or had a presence in Texas. *See* Exhibit "1". As established *supra*, Affordable was improperly named as a Defendant in this lawsuit and therefore did not have any contacts with the State of Texas in that regard. Furthermore, Plaintiff does not even allege that the Court has personal jurisdiction over Affordable, let alone

provide any factual support thereof. *See* Complaint generally [D.E. 1]. Based on the fact that Plaintiff has not alleged that the Court has general jurisdiction and because Plaintiff has alleged no facts showing that Affordable made any contacts with Texas, substantial, continuous, systematic, or otherwise, he has failed to make a *prima facie* showing of general jurisdiction against Affordable.

      ***Specific Jurisdiction.*** Affordable does not have ties to this matter that warrant an assertion of specific jurisdiction because it was improperly named as a defendant as established *supra*. Specific jurisdiction over a non-resident defendant exists where: (1) the "defendant has minimum contacts with the forum state, i.e.,… it [has] purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) . . . the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) . . . the exercise of personal jurisdiction is fair and reasonable." *Alexander v. Greenwood Hall, Inc.*, CIVIL ACTION NO. 4:18-CV-04540, 2019 U.S. Dist. LEXIS 113956, at *32 (S.D. Tex. July 8, 2019) (citing *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009)). "[T]he plaintiff bears the burden of satisfying the first two prongs; *if the plaintiff is successful*, the burden shifts to the defendant to show that exercising jurisdiction would be unfair or unreasonable." *Zoch v. Daimler*, 2017 U.S. Dist. LEXIS 169240 at *10 (emphasis added) (citing *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006)).

      The first two prongs of the test for specific jurisdiction cannot be met here, as Affordable has no connection to the alleged call(s) to Plaintiff to warrant finding a connection to this forum with regards to the allegations giving rise to this case. *See Havel v. Honda Motor Europe Warranty Services, Inc.*, No. H-1291, 2014 WL 4967229, at *15 (S.D. Tex. Sept. 30, 2014) (finding the plaintiffs did not meet the burden necessary to impute a defendant's actions to another where the

defendant never directed the other defendant to "take action" with respect to the State of Texas and the plaintiffs did not allege or show how the defendant "direct[ed] its agents or distributors to take action" with respect to Texas).

Plaintiff alleges, but provides no facts to plausibly support, that the Court has specific jurisdiction over Affordable. *See* Complaint ¶¶ 2.1 and 2.3 [D.E. 1]. As such, Plaintiff's allegations are insufficient and rebutted by Mr. Renny's Sworn Declaration. *See* Exhibit "1". Therefore, Plaintiff has failed to make a *prima facie* showing of specific jurisdiction against Affordable.

***Principles of Fair Play and Substantial Justice.*** Only when the Court finds minimum contacts with the forum exists does it need to determine whether the exercise of personal jurisdiction over a defendant would comply with the traditional notions of fair play and substantial justice. *Zoch v. Daimler*, 2017 U.S. Dist. LEXIS 169240 at *10; *see also Matheson Tri-Gas, Inc. v. FlexTM, Inc.*, No. 4:18-CV-0248, 2018 U.S. Dist. LEXIS 87195, at *8 (S.D. Tex. May 24, 2018) ("In addition to minimum contacts, due process requires the exercise of personal jurisdiction to comply with traditional notions of fair play and substantial justice." (quoting *Dejoria v. Maghreb Petroleum Expl., S.A.*, 804 F.3d 373, 388 (5th Cir. 2015))). In order to comply with the notions of fair play and substantial justice, "[t]he relationship between the defendant and the forum state must be such that it is reasonable to require the [company] to defend the particular suit." *Hargrove v. Underwriters at Lloyd's*, 937 F. Supp. 595, 606 (S.D. Tex. 1996) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)).

As explained at length above, Affordable has no relationship with Texas in relation to this matter that would make it reasonable for it to defend a lawsuit in this forum. *See* Exhibit "1". In fact, it is inherently unreasonable to require Affordable to travel to Texas to defend itself from

baseless accusations whereby Plaintiff accused the wrong party and then refused to cure his pleading error upon notice. Thus, the notions of fair play and substantial justice do not support a finding of personal jurisdiction over Affordable.

Accordingly, the Court lacks personal jurisdiction over Affordable and it should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2).

## VI. MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6).

<u>Plaintiff fails to state a cause of action for which relief can be granted.</u> "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" in meeting the standard required by Rule 8. *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face." *Id.* at 678. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds of his entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

"Factual allegations must be enough to raise a right to relief above the speculative level..." *Id.* at 555 (internal citation omitted). Courts may not assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that the defendants have violated the...law[] in ways that have

11

not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, [the complaint] 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557)).

Plaintiff's incoherent, confusing, vague, and conclusory allegations are legally insufficient to form the basis of the claims asserted against Affordable. Accordingly, Plaintiff's Complaint must be dismissed for failure to properly state a cause of action and failure to comply with the minimum pleading standards, pursuant to Federal Rule of Civil Procedure 12(b)(6). Specifically, the Complaint fails to assert any facts to support Plaintiff's conclusory statements. First, it is unclear who Plaintiff is alleging made the alleged call(s) and if Plaintiff is alleging vicarious liability against Affordable because the alleged call(s) were made by some third party. The Complaint is very ambiguous and contradictory in that regard and lacks any factual support thereof. *See* Complaint ¶¶ 4.1 and 4.2 [D.E. 1].

Second, Plaintiff never asserts when he allegedly received these unlawful call(s) nor how many unlawful call(s) he allegedly received. *See* Complaint generally [D.E. 1]. Moreover, within the four corners of the Complaint, it is not even clear what year it was when Plaintiff allegedly received these unlawful call(s).[3] *See* Complaint generally [D.E. 1]. Additionally, it is unclear if

---

[3] The timing of the alleged call(s) is particularly relevant because prior to July 6, 2020, the Supreme Court of the United States held that the TCPA, as written, was an unconstitutional, content-based suppression on free speech. *See Barr v. American Association of Political Consultants, Inc.*, 140 S. Ct. 2335, 2346 (2020); *Creasy v. Charter Communs., Inc.*, No. 20-1199 SECTION "F", 2020 U.S. Dist. LEXIS 177798 (E.D. La. Sept. 28, 2020); *Lindenbaum v. Realgy*, Case No. 1:19-cv-2862 (N.D. Oh. 2020); and *Shabana Hussain v. Sullivan Buick-Cadillac-GMC Truck, Inc, et al.*, 5:20-cv-00038 (Md. Fla. December 11, 2020). Accordingly, claims for TCPA violations prior to July 6, 2020 are barred as a matter of law because the violation of an unconstitutional law is not a justiciable question.

Plaintiff is also alleging that he received unwanted text message(s) in addition to the alleged unlawful call(s). *See* Complaint ¶¶ 3.24, 3.25, 3.28 and 5.6 [D.E. 1].

Even if Affordable was a properly named defendant (which it is not), the Complaint still fails to set forth the ultimate facts with sufficient clarity to inform Affordable of the allegations against it, to allow Affordable to provide an intelligent answer, or to allow Affordable to formulate a proper defense. It would be completely unreasonable to expect Affordable to defend itself against such a painfully threadbare Complaint that is completely devoid of clarity and factual support. Therefore, Plaintiff's incoherent and unsupported conclusory statements contained in the Complaint are legally insufficient to form the basis of a claim under the TCPA against Affordable. Accordingly, the Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## VII. MOTION FOR A MORE DEFINITE STATEMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(E).

If the Court decides not to dismiss the Complaint, then at a minimum, in the alternative, Plaintiff must provide Affordable with a more definite statement of his claims against Affordable and a coherent statement of the ultimate facts to inform Affordable of the allegations against it. Without a more definite statement Affordable cannot provide an intelligent answer or formulate a proper defense. Federal Rule of Civil Procedure 12(e), "allows a party to 'move for a more definite statement of a pleading to which a responsive pleading is allowed' if it is 'so vague or ambiguous that the party cannot reasonably prepare a response.' Whether to grant a rule 12(e) motion for more definite statement is within the court's sound discretion." *Morrell v. Experian Info. Sols., Inc.*, no. 3:19-cv-2982-k-bh, 2021 WL 197428, at *1 (N.D. Tex. Jan. 20, 2021) (quoting *Crawford-el v.*

13

*Britton*, 523 U.S. 574, 597–98 (1998); quoting also *Travelers Indem. Co. of Conn. v. Presbyterian Healthcare Res.*, 313 F. Supp. 2d 648, 653–54 (N.D. Tex. 2004)).

As discussed at length above, Plaintiff's threadbare Complaint is completely devoid of clarity and factual support. Specifically, it is unclear from the pleadings what phone number Plaintiff is alleging was contacted because the Complaint incoherently references and claims two different telephone numbers. *See* Complaint ¶¶ 6.1, 6.27, 6.28 and 14.02 [D.E. 1]. Moreover, Plaintiff fails to allege when he received the alleged call(s), how many alleged call(s) he received, *See* Complaint generally [D.E. 1], and he implies without clarity that he also received unlawful text message(s). *See* Complaint ¶¶ 3.24, 3.25, 3.28 and 5.6 [D.E. 1]. These are all fact that are paramount to a claim under the TCPA and require greater clarification. Moreover, Affordable should not be forced to guess as to the claims set forth against it in Plaintiff's illogical Complaint. Accordingly, Plaintiff should be required to provide a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

## VIII. CONCLUSION.

WHEREFORE, Defendant, Affordable Auto Protection, LLC, respectfully moves this Court to enter an Order dismissing Plaintiff, Joe Hunsinger's, Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b) subsections (2), (5) and (6) or, alternatively, to enter an Order granting its Motion for a More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e), and for such further relief as this Court finds proper and just.

Dated: June 28, 2021                              Respectfully Submitted,

                                                  By: /s/ Jason S. Weiss
                                                  Jason S. Weiss
                                                  **Weiss Law Group, P.A.**
                                                  5531 N. University Drive, Suite 103
                                                  Coral Springs, FL 33067
                                                  Phone: 954.573.2800
                                                  Fax: 954.573.2798
                                                  Email: jason@jswlawyer.com
                                                  *Attorneys for Defendant, Affordable Auto Protection, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of June, 2021, the foregoing was filed through the Court's electronic filing system and will be sent electronically to the parties via the Court's electronic filing system.

                                                  /s/ Jason S. Weiss
                                                  Jason S. Weiss