THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

CASE NO 3:21-CV-00830-K-BT

**Joe Hunsinger,**

    **Plaintiff Pro-Se',**

v.

**AFFORDABLE AUTO PROTECTION, LLC,**

    **Defendant,**

**SING FOR SERVICES, LLC dba MEPCO,**

    **Defendant.**

_____/

**DEFENDANT, AFFORDABLE AUTO PROTECTION, LLC'S, REPLY IN SUPPORT OF ITS MOTION TO SET ASIDE ENTRY OF CLERK'S DEFAULT**

Defendant, Affordable Auto Protection, LLC ("Affordable"), who is improperly being sued in this lawsuit, hereby files its Reply in Support of its Motion to Set Aside Entry of Clerk's Default ("Motion"), and asks the Court to set aside the Clerk's Entry of Default from June 2, 2021 ("Clerk's Default"), as authorized by Federal Rule of Civil Procedure 55(c), and for good cause would show unto the Court as follows:

    I.    **INTRODUCTION**

A complete and thorough argument to set aside the Clerk's Default is contained within the Motion and as a matter of judicial efficiency and with respect for the rules of this Court, the assertions contained within said Motion will not be reargued herein. Accordingly, Affordable will simply address a few points of contention and provide a brief summary of the relevant issues supporting the Motion.

1

II.     **REPLY MEMORANDUM**

Plaintiff, Joe Hunsinger's ("Plaintiff"), Response to Defendant's Motion (Plaintiff's "Opposition" or "Opp.") provides only one statement that could possibly be seen as being related to any attempt at an argument in regard to the scope of Federal Rule of Civil Procedure 55(c) and the instant Motion.  Specifically, Plaintiff states, "Gus Renny complains about his attorney not filing an answer on time because he was dealing with other TCPA violations for Gus Renny!!!!![*sic*]" *See* Opp. page 2.  This is a completely false and unsupported allegation.  Nowhere in the Motion nor within the Weiss and Renny affidavits attached thereto as Exhibits "1" and "2", was that stated or implied.  What was stated was that the "Complaint appears to have gotten lost in the shuffle of the other matters" undersigned counsel "was handling for Affordable Auto Protection LLC" and "Affordable Auto Protection LLC provided" undersigned counsel "with a copy of the Complaint on or about April 26, 2021 and it was placed in a file" "and inadvertently filed away in a file cabinet before any of the dates could be calendared."  This does not even remotely resemble what Plaintiff would like the Court to believe.

Other than that one fabricated statement, all of Plaintiff's other arguments contained within the Opposition are completely outside the scope of the Motion and, although incoherent and unsupported, would likely be more appropriate in response to a motion to dismiss.  Moreover, Plaintiff provides nothing to controvert the arguments contained in the Motion or the Weiss and Renny affidavits attached thereto as Exhibits "1" and "2".  *See* Opp. generally.

As this Court is certainly aware, "Fed. R. Civ. P. 55(c) provides that '[f]or good cause shown the court may set aside an entry of default and, if a judgment of default has been entered, may likewise set it aside in accordance with Rule 60(b).'  Fed. R. Civ. P. 60(b) provides in relevant part that 'the court may relieve a party or his legal representative from a final judgment, order, or

2

proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ... or (6) any other reason justifying relief from the operation of the judgment.'" *Fed. Sav. & Loan Ins. Corp. v. Kroenke*, 858 F.2d 1067, 1069 (5th Cir. 1988). *See also Burrell v. Henderson*, 434 F.3d 826, 833-34 (6th Cir. 2006); *J & J Sports Prods., Inc. v. El 8 Sports Bar & Billiards Inc.*, No. 3:13-CV-4433-M, 2015 WL 5444663 (N.D. Tex. Sept. 15, 2015); *Franchise Holdings II, LLC v. Huntington Rests. Group*, 375 F.3d 922, 925 (9th Cir. 2004); *Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir.).

"The Sixth Circuit has held that the same factors controlling the decision of a Rule 55(c) motion to set aside entry of default also apply to relief from the judgment under Rule 60(b)." *Id.* (*citing United Coin Meter v. Seaboard Coastline RR.*, 705 F.2d 839, 843–45 (6th Cir.1983) ("[w]hen relief is sought only from the entry of default, the standard is 'good cause,' and when relief is also sought from the entry of a judgment by default the 'reasons' set forth in Rule 60(b) may supply the good cause")).

In the instant matter, there is good cause for the Court to grant the relief sought because, as set forth in the Motion, Affordable has established through supported evidence that Plaintiff will not be prejudiced if the default is set aside, Affordable has a strong meritorious defense and Affordable's failure to respond to the Complaint was not willful. *M.B. v. Landgraf*, 2017 U.S. Dist. WL 5483862, *3 (E.D. Tex. Nov. 15, 2017) (*citing Scott v. Carpanzano*, 556 F. App'x 288, 293 (5th Cir. 2014)). *See also O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

Overall, Affordable's failure to respond was the result of an inadvertent filing error on behalf of undersigned counsel and undersigned counsel immediately took steps to correct the default upon becoming aware of the mistake. This Court has previously recognized that "… even

when a company has well-established procedures in place on which it has successfully relied for timely responding to lawsuits, human error will occasionally occur and, while the breakdown of the procedure or failure to follow procedures may be neglectful, such is the kind of excusable neglect that warrants setting aside a default judgment." *See e.g., McGarrah v. Kmart Corp.*, No. 3:97–CV–2386G, 1998 WL 760275 (N.D. Tex. 1998). Moreover, this Court has broad discretion in granting a motion for relief. *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981). In exercising such discretion, the rule "should be liberally construed in order to do substantial justice." *Id.*

WHEREFORE, Defendant, Affordable Auto Protection, LLC, prays that this Court set aside the Clerk's Entry of Default of June 2, 2021, pursuant to Federal Rule of Civil Procedure 55(c), and allow it to present its meritorious defense to this action.

Dated: July 6, 2021.

                                              Respectfully submitted,

BY:   /s/ *Jason S. Weiss*
       Jason S. Weiss
       Jason@jswlawyer.com
       **WEISS LAW GROUP, P.A.**
       5531 N. University Drive, Suite 103
       Coral Springs, FL 33067
       Tel: (954) 573-2800
       Fax: (954) 573-2798

       *Attorneys for Defendant Affordable Auto Protection, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of July, 2021, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system which automatically gives notice to all counsel of record and a copy of same was served on *pro se* Plaintiff via email at joe75217@gmail.com.

                                                            */s/ Jason S. Weiss*
                                                            Jason S. Weiss