IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|   |   |   |
|---|---|---|
| | § | |
| Joe Hunsinger, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:21-cv-00830-K-BT |
| | § | |
| AFFORDABLE AUTO PROTCTION, | § | |
| LLC; and SING FOR SERVICES, LLC, | § | |
| d/b/a MEPCO, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the court are *pro se* Plaintiff Joe Hunsinger's Motions for Entry of Default (ECF Nos. 10, 11) filed June 1, 2021 and Motions for Default Judgment (ECF No. 24, 33) filed July 9 and October 19; Defendant Affordable Auto Protection, LLC's Motion to Set Aside Default (ECF No. 16) filed June 16; and Defendant Sing for Services, LLC's Motion to Set Aside Default (ECF No. 27) and Motion for Leave to File Motion to Dismiss (ECF No. 28) filed July 16. For the following reasons, Defendants' Motions to Set Aside Default should be GRANTED and Hunsinger's motions should be DENIED. In view of these recommendations, Sing for Services, LLC's Motion for Leave to File Motion to Dismiss is GRANTED.

**Background**

Plaintiff Joe Hunsinger brought this *pro se* lawsuit under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, on April 12, 2021. Compl. 2

(ECF No. 3). Hunsinger alleges that Defendants Affordable Auto Protection, LLC (Affordable) and Sing for Services, LLC (Mepco) violated the TCPA by subjecting him to unauthorized, non-emergency telemarketing calls, most recently in March 2021. *Id.* at 10, 13. Based on these violations, Hunsinger seeks TCPA statutory damages, actual damages, mental anguish damages, and injunctive relief. *Id.* at 15-18.

While Hunsinger effectively served Mepco on April 22 (ECF No. 8) and Affordable on April 26 (ECF No. 9), both Defendants failed to respond to the Complaint within 21 days as required by the Federal Rules. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). Accordingly, Hunsinger filed a Motion for Entry of Default against each Defendant on June 1 and the Clerk entered default against both Defendants the next day (ECF Nos. 12, 14). Affordable then responded on June 16 with a Motion to Set Aside Default, arguing that its failure to respond was due to a clerical error and that it was improperly named as a defendant. Affordable's Mot. 2-3 (ECF No. 16). Thereafter, on June 28, Affordable also filed a Notice—advising the Court of its intent to file a motion to dismiss should the default be set aside. (ECF No. 17).

Hunsinger filed brief responses to Affordable's Motion and Notice, essentially arguing that Affordable is a defendant in several TCPA cases throughout the country and is a proper defendant in this case. Pl.'s Resp. Affordable 1-2 (ECF No. 18); Pl.'s Resp. Notice 1 (ECF No. 21). Affordable then filed a Reply reiterating its original arguments to set aside the default. (ECF No. 20). Hunsinger

2

subsequently filed a Motion for Default Judgment against Affordable three months later, repeating the arguments from his Motions for Default and seeking a judgment of more than $116,000 against Affordable. Pl.'s Mot. Def. J. Affordable 3 (ECF No. 33)

Meanwhile, Mepco also failed to appear to defend the suit. Hunsinger thus filed a Motion for Default Judgment on July 9, requesting a judgment of more than $99,000 against Mepco. Pl.'s Mot. Def. J. Mepco 3 (ECF No. 24). Mepco filed its Motion to Set Aside Entry of Default one week later, on July 16, arguing that its agent for service had mistakenly provided service to an independent but affiliated company, that Hunsinger would not suffer any prejudice if the default were set aside, and that Hunsinger failed to state a claim against Mepco. Mepco's Mot. 1-5 (ECF No. 27). On the same day, Mepco also filed a Motion for Leave to File Motion to Dismiss—stating its intention to file a motion to dismiss should the default be set aside. (ECF No. 28). In his Response, Hunsinger reiterates that Mepco had ample time to respond, that it had control over its agent for service, and that Mepco has a history of facing TCPA suits. Pl.'s Resp. Mepco 1-2 (ECF No. 31). Mepco then filed a Reply which relied on its original arguments for setting aside the default. Mepco's Reply 1 (ECF No. 32).

Each of the motions before the Court is fully briefed and ripe for determination. For the reasons explained below, the Court should set aside the defaults against Affordable and Mepco and should direct them to proceed with filing motions to dismiss.

3

## Legal Standard

"It is a basic tenant of . . . jurisprudence that the law abhors a default." *Rehab Choice Inc. v. CLC Healthcare, Inc.*, 2007 WL 1944344, at *2 (N.D. Tex. July 2, 2007) (internal quotation marks and citation omitted). Therefore, Federal Rules of Civil Procedure 55(c) and 60(b) allow a court to set aside an entry of default or a default judgment for "good cause." *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014) (citing *Lacy v. Sitel Corp.*, 227 F.3d 290, 291-92 (5th Cir. 2000)). The good cause standard is a liberal one, and trial courts have wide discretion in deciding whether or not to set aside a default judgment. *See Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003). To determine whether good cause exists, the Court considers three factors: "(1) whether the default was willful; (2) whether setting aside the default judgment would prejudice [the plaintiff]; and (3) whether [the defendant] presented a meritorious defense." *Chinese Manufactured Drywall Prods.*, 742 F.3d at 594 (citing *Lacy*, 227 F.3d at 292). The Court may also consider other factors, including whether the defendant acted expeditiously to correct the default. *Id.*

Furthermore, default judgments are "generally disfavored in the law" and "should not be granted on the claim, without more, that the defendant ha[s] failed to meet a procedural time requirement." *Lacy*, 227 F.3d at 292 (quoting *Mason & Hanger–Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984)). Indeed, "where there are no intervening equities, any doubt should be

4

resolved in favor of the [defendant] to the end of securing a trial upon the merits."

*Effjohn*, 346 F.3d at 563 (citing *Lacy*, 227 F.3d at 292); *see also Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) ("Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by the courts in extreme situations[, and] are available only when the adversary process has been halted because of an essentially unresponsive party." (internal quotations and citations omitted)).

### Analysis

Both Defendants utilize the same arguments to set aside the defaults. Accordingly, each of the factors for "good cause" to set aside a default are considered below for both Defendants. Ultimately, because the Defendants did not act willfully, Hunsinger is not at risk of prejudice, and the Defendants have presented meritorious defenses, the defaults against both Affordable and Mepco should be set aside.

I.     <u>Neither Defendant committed a willful default, and both acted expeditiously to correct the defaults.</u>

Both Affordable and Mepco claim that their failure to respond to Hunsinger's Complaint was accidental and based on a clerical error. Affordable asserts that the Complaint was "inadvertently filed away in a file cabinet before any of the dates could be calendered." Affordable's Mot. 2. Similarly, Mepco claims that its agent for service "sent a copy of the Complaint to an affiliated entity of Sing for Service, LLC, but not to Mepco." Mepco's Mot. 6.

In addition, both Defendants allege that they acted quickly to correct the default as soon as they actually became aware of the Complaint. Affordable claims that it filed its Motion "within two . . . business days from the date . . . counsel learned of the Clerk's Default." Affordable's Mot. 6. Mepco, meanwhile, asserts that it filed its own Motion "shortly after discovering the presence of the Default Judgment entered against it." Mepco's Mot. 6.

Critically, Hunsinger does not dispute this issue. In both of his responses Hunsinger makes no argument that either Affordable or Mepco were acting willfully when they defaulted. Even Hunsinger's most abrasive verbal barbs concede that the defaults were accidental. *See, e.g.*, Pl.'s Resp. Affordable 2 ("[Affordable] complains about [its] attorney not filing an answer on time because [it] was dealing with other TCPA violations for [Affordable]!!!!!"). Hunsinger has thus waived any argument to the contrary. *See Castro v. McCord*, 259 F. App'x 664, 665 (5th Cir. 2007).

As this Court has previously noted, even the most long-term and reliable procedures may occasionally be derailed by human error—but such error is only the kind of excusable neglect that often warrants setting aside a default judgment. *See, e.g.*, *McGarrah v. Kmart Corp.*, 1998 WL 760275, at *1-2 (N.D. Tex. 1998). Affordable and Mepco's errors in this case were not willful and fall squarely into the category of excusable neglect, and Hunsinger has failed to even contest otherwise.

II.     <u>Setting aside the defaults will not prejudice Hunsinger.</u>

Hunsinger will not suffer any prejudice in this case if the defaults are set aside because both Defendants acted expeditiously to defend the case after their initial lapses. Moreover, Hunsinger has not pointed to any prejudice that he might suffer should the Court set aside the defaults against Affordable and Mepco. To show prejudice, Hunsinger "must show that setting aside the default[s] . . . will result in loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Scott v. Carpanzano*, 556 F. App'x 288, 298 (5th Cir. 2014) (citing *Lacy*, 227 F.3d at 293). But Hunsinger fails to make any sort of argument relating to prejudice in any of his responses. Consequently, Hunsinger will not be subject to prejudice if the defaults are set aside.

III.     <u>Both Defendants present a potentially meritorious defense.</u>

Affordable and Mepco have both presented potentially meritorious defenses in the form of proposed motions to dismiss. "In determining whether a meritorious defense exists, the underlying concern is whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Scott*, 556 F. App'x at 296 (citing *In re OCA, Inc.*, 551 F.3d 359, 373 (5th Cir. 2008)). In considering the meritorious defense requirement, the defendant need not prove that it will likely succeed on the merits; rather, it need only establish that the evidence submitted, if proven at trial, would constitute a defense. *See Fine v. Evergreen Aviation Ground Logistics Enterprise, Inc.*, 2009 WL 793753, at *3 (E.D. Tex. Mar. 20, 2009).

Both Defendants have presented defenses that present some possibility of success. Specifically, Affordable claims that it is not a proper defendant, denies that it makes any telemarketing calls, and denies that it had any prior contact or business with Hunsinger. Affordable's Mot. 4-5. Mepco, meanwhile, asserts that Hunsinger has not properly stated a claim against Mepco because he has "fail[ed] to allege that Mepco is responsible for the single telephone call which appears to constitute the entire basis for his Complaint." Mepco's Mot. 5-6.

Hunsinger's arguments to the contrary are not so convincing that they render Defendants' potential arguments unmeritorious. He only claims that Affordable is a correct defendant because it has the same address as the entity who placed the telemarketing call to him. Pl.'s Affordable Resp. 2-3. Indeed, in his Response to Affordable's Notice Hunsinger apparently recognizes the value of having the case proceed against Affordable, saying "Only with discovery [will] the truth come out." Pl.'s Resp. Notice 3. Similarly, Hunsinger's arguments against the merits of Mepco's potential motion to dismiss are that his Complaint "is all about the [sic] all of the Defendants," and that Mepco has been sued numerous times for TCPA violations—neither of which address Hunsinger's potential pleading deficiencies.

The Defendants have therefore shown good cause to set aside the defaults in this case. Their defaults were not willful, setting aside the defaults will not prejudice Hunsinger, and both Defendants have presented meritorious defenses. Moreover, the law abhors a default, and default should not be granted merely

because the Defendants have caused delay through excusable neglect. Accordingly, the defaults should be set aside, and Defendants should be directed to file their motions to dismiss.

## RECOMMENDATION

In sum, the Court should GRANT Defendants' Motions to Set Aside Default (ECF Nos. 16, 27), direct the Clerk of Court to set aside the entries of default against Affordable and Mepco, and DENY as moot Plaintiff's Motions for Default Judgment (ECF No. 24, 33) and Motions for Entry of Default (ECF Nos. 10, 11). Finally, Mepco's Motion for Leave to File Motion to Dismiss (ECF No. 28) is GRANTED.

**SO RECOMMENDED.**

**SIGNED** November 29, 2021.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).